**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **James Williams,** | ) | **CASE NO. 1:23 CV 1208** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Cleveland Clinic,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion to Dismiss. (Doc. 6). For the following reasons, the motion is GRANTED.

**Facts**

Pro se plaintiff James Williams filed this Complaint against defendant Cleveland Clinic. Plaintiff alleges that while he was at the Cleveland Clinic for a medical appointment, two officers accused him of assaulting a woman. He was arrested and placed in handcuffs. Plaintiff was "manhandled and placed in the back of a police cruiser." Upon order of the officers' lieutenant, plaintiff was released before he was "charged or booked." Although not

1

mentioning 42 U.S.C. § 1983, plaintiff asserts that his "constitutional rights were violated."

This matter is now before the Court upon defendant's Motion to Dismiss. The motion is essentially unopposed as plaintiff has filed a response stating only that he does "not wish to have [the case] dismissed" but "will like to take to [trial]."

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### Discussion

Assuming plaintiff has plead a § 1983 claim, plaintiff's Complaint must be dismissed because the defendant is not a state actor. To establish a violation under § 1983, a plaintiff must show that a person acting under color of state law deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins,* 487 U.S. 42, 48 (1988). Generally, to be considered to have acted "under color of state law," the individual must be a state or local government official or employee. Only under very limited circumstances, may a private party be considered a "state actor." *Id.* While defendant acknowledges that the Cleveland Clinic Police Department officers referenced in the Complaint were acting under color of state law, plaintiff did not name the officers as defendants in his Complaint. The Cleveland Clinic may not be held liable on a *respondeat superior* basis because it is well-settled that liability cannot be premised on *respondeat superior* in § 1983 actions. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978). This is so as "§ 1983 liability must be based on more than ... the right to control employees." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citation omitted). Thus, even if the defendant could be considered a state actor, liability cannot be premised on this theory. Rather, to succeed on a § 1983 claim against a local government, "the plaintiff must prove the injury of

which he complains was caused by an unconstitutional government policy or custom." *Monnell*, 436 U.S. at 694. Plaintiff has made no such allegation against defendant.

For these reasons, plaintiff's Complaint must be dismissed.

**Conclusion**

For the foregoing reasons, defendant's Motion to Dismiss is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/23/23